CHRISTOPHER LUONGO, ESQ. (024581993)
**ATTORNEY AT LAW**
**15 MOUNT KEMBLE AVENUE**
**MORRISTOWN, NEW JERSEY 07960**
**(973) 503-1414**
**Attorney for Plaintiff Howard Gorbaty**

---

| | |
|---|---|
| HOWARD GORBATY | :Civil Action No.: 2:18-cv-16691-CLW |
| | *Document filed Electronically* |
| | : |
| Plaintiff, | : |
| | Civil Action |
| v. | : |
| | : |
| MITCHELL HAMLIN SCHOOL OF LAW | : |
| Defendant. | : |
| | : |

---

*PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION & OTHER RELEIF*

---

Christopher Luongo, Esq.
**Attorney for Plaintiff**

**On Brief: Christopher Luongo, Esq.**
**Dated:    January 11, 2019**

1

## TABLE OF AUTHORITIES

*Ackourey v. Sonellas Custom Tailors*, 573 Fed. Appz. 208, 211 (3rd Cir. 2014)........6

*Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)……………………………….…………5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)……………………………6, 10

*Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014)………………………………….4,5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)…….4,6

*Int'l Shoe Co. V. Wash.*, 326 U.S. 310, 316 (1945)……………………………………6

*In't Union Local No.: 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007)..15

*Keeton v. Hustler Magazine, Inc.* 465 U.S. 770 (1984)………..……………………6, 9

*Kloth v. Southern Christian University*, 320 F. App'x 113, 115-16……………………8

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)……………………….…………9

*Metcalfe v. Renaissance Martine, Inc.*, 566 F. 3d 324, 330 (3rd Cir. 2009)…...………..3

*Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F3rd. 879, 900 (4rd Cir. 2013.)……………………………………………………………..14

*O'Connor v. Sandy Lane Hotel, Co.*, 496 F.3d 312, 316 (3rd. Cir. 2007)………………3

*Waste Management, Inc. v. Admiral Insurance Co.*, 138 N.J. 106, 119 (1994)……….4

*Zippo MFG. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997)…..7

## LEGAL STANDARD & COUNTERSTATEMENT OF FACTS

Plaintiff Howard Gorbaty is seeking relief, including contractual damages in the form of specific performance, i.e., admittance to the defendant's law school, after he was unjustly removed from the same.  The thrust of the plaintiff's argument is that the defendant arbitrarily removed him its school, while others similarly charged have not, without an opportunity to vet his case.

Now this same law school seeks to dismiss his case with a similar Machiavellian maneuver, a motion for dismiss based upon lack of jurisdiction.

The Plaintiff bears the burden of alleging facts that demonstrate that this Court has personal jurisdiction over the Defendant. *O'Connor v. Sandy Lane Hotel, Co.*, 496 F.3d 312, 316 (3rd. Cir. 2007). If the defendant challenges the Court's personal jurisdiction over the Defendant, the Plaintiff is permitted to demonstrate the personal jurisdiction through affidavits **or other competent evidence.** *Metcalfe v. Renaissance Martine, Inc.*, 566 F. 3d 324, 330 (3rd Cir. 2009). Contrary to the assertions made in Defendant's brief, Brief in Support of Motion, p. 7, the "stringent standard" for finding personal jurisdiction over schools and universities is used in the general jurisdiction contest. *Watiti v. Walden Univ.*, No. CIV. A. 07-4782 JAP, 2008 WL 2280932 at *6 (2008). In fact, that case notes that where distance, online learning is involved, the deference given to universities is lower than that for physical "brick

3

and mortar" institutions. *Id.* In the online context, the deference may be done away with altogether. *Id.*

Through the admissions in Defendant's Brief in Support of its Motion to Dismiss, this Court has personal jurisdiction over Defendant, thus this court should not dismiss the Complaint. Howard Gorbaty is domiciled at 204 Twin Oaks Terrace, Westfield, New Jersey. See Plaintiff's application - Defendant's <u>Exhibit A</u>. The defendant admits it has four students in New Jersey. Defendant's brief – Certification of Christine Szaj. The defendant's school is an internet based school whose students attend primarily over the internet other than having its student's attend class at the physical location for ten weeks during their four years. Defendant's brief       - Certification of Christine Szaj.

## **LEGAL ARGUMENT**

For the reasons described below, this Court has jurisdiction over the defendant. Personal jurisdiction can be either general or specific. A corporation is only subject to general jurisdiction in the state in which it is incorporated and the state that functions as its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Mitchell Hamline is incorporated and has its principal place of business in Minnesota. *See,* Szaj Dec., ¶ 2. Consequently, Gorbaty does not claim that this Court has general jurisdiction over Defendant.

4

However, a defendant is subject to specific jurisdiction when the "cause of action" arises directly out of a defendant's contacts with the forum state. *Waste Management, Inc. v. Admiral Insurance Co.*, 138 N.J. 106, 119 (1994). Hence, this Court does, however, have specific jurisdiction over Defendant.

I.   **This Court has Specific Jurisdiction Over Defendant, thus the Complaint Should Not be Dismissed.**

Federal courts have personal jurisdiction over any defendant that a state court would have in that jurisdiction. *Daimler AG*, 571 U.S. at 125 (*citing*, Fed. R. Civ. P. 4(k)(1)(A)). If the Defendant is subject to personal "jurisdiction of a court of general jurisdiction in the state where the district court is located," the federal district court has personal jurisdiction over the defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Thus, the first step in a personal jurisdiction analysis is to look to the state's statutes.

A.   **The Constitution of the United States Allows for this Court to exercise Personal Jurisdiction over Defendant.**

Specific jurisdiction is permissible so long as its exercise "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. V. Wash.*, 326 U.S. 310, 316 (1945). Case law has developed a three-step test to determine whether the principles announces in *International Shoe* are met: purposeful availment/contact with the forum state, relatedness between that contact and the

claims of the complaint, and fairness to the parties of litigating in the forum state. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

### 1. Defendant has Sufficient Contact with New Jersey to Establish Personal Jurisdiction

If a defendant's connection with the forum state is such that he should reasonably anticipate being haled into Court in that state, then jurisdiction is proper in that forum. *Id.* at 297. The intentional act of a defendant that would foreseeably lead to litigation in the forum state establishes specific jurisdiction over the defendant. *See, e.g. Keeton v. Hustler Magazine, Inc.* 465 U.S. 770 (1984) (where a claim for a libelous magazine article created specific jurisdiction in all states where that magazine issue was sold).

Contact with the forum state need not be physical entry into the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). With regards to the internet, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity." *Zippo MFG. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997).[1] The sliding scale ranges from, on the one hand, "where the defendant uses an interactive commercial website to actively transact business with residents of the forum state", to, on the other hand, "situations where a passive website merely provides information that is accessible to users in the forum state". *Ackourey v. Sonellas Custom Tailors*, 573 Fed.

---

[1] While *Zippo* is a district court decision, its sliding scale test has been adopted by many circuits, including the 3rd circuit, See, *e.g.*, *Ackourey v. Sonellas Custom Tailors*, 573 Fed. App'x. 208, 211 (3rd Cir. 2014) (applying the test announced in Zippo to a copyright infringement case for materials copied online).

Appz. 208, 211 (3rd Cir. 2014). In the former scenario, specific jurisdiction exists. *Id*. As the facts move closer to the latter situation, it is less likely that jurisdiction exists. *Id*.

Operating a website that advertises in and solicits business from the forum constitutes an interactive, commercial website, thus creating specific jurisdiction. *Zippo*, 952 F.Supp. at 1125-1126. In *Zippo*, the defendant was an online news provider that sought paid subscriptions to its website, regardless of where the potential subscribers resided. The court found that since the website was operated for commercial gain, the defendant was "doing business over the Internet", which is purposeful availment of the forum in which that business is conducted. *Id*.

In the present case, Mitchell Hamline is analogous to the defendant in *Zippo*. Defendant advertises its online law school to residents in New Jersey. Defendant contracts with prospective students from New Jersey. Defendant receives commercial benefit, in the form of tuition, from four residents of New Jersey. *See,* Szaj Dec., ¶ 8. Defendant provides its services to residents of New Jersey. *See,* Szaj Dec., ¶ 8. Defendant purposefully avails itself of the markets and economic benefits of New Jersey. This purposeful availment creates the basis for specific jurisdiction in New Jersey.

Defendant erroneously relies on *Kloth v. Southern Christian University,* 320 F. App'x 113, 115-16., to support the claim that online instruction is not enough to establish specific jurisdiction. In *Kloth,* the Court held that there was no specific

7

jurisdiction because the plaintiff did not demonstrate that the online program intended to engage in business with students who were citizens of the forum state. *Id.* The plaintiff, however, only showed that the website was interactive, which is one factor of the *Zippo* test. *Id.* The plaintiff in *Kloth* unilaterally sought enrollment in the university by reaching out to the school to inquire into the online program, she did not rely online advertising. *Id.* Here, Defendant advertised its online program in the forum state. By doing so, Defendant intended to engage in business with student citizens of New Jersey, which is distinguishable from the unilateral act of the plaintiff in Kloth.

The contacts with the forum need not be a substantial portion of Defendant's overall business. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). The test for the adequacy of contact with the forum is the nature and quality of the contacts, not merely the quantity thereof. *Int'l Shoe*, 326 U.S. at 320. In *Zippo*, the defendant argued that it did not have sufficient contacts with the forum to establish personal jurisdiction since only two percent of its subscribers were residents of the forum. 952 F.Supp. at 1127. The court rejected that reasoning, holding that "deliberate and repeated" contacts create the basis for jurisdiction, "even if they yield little revenue." *Id.* Similarly, Defendant's argument that it only has four New Jersey residents enrolled in it "blended learning programs", Defendant's Brief in Support p. 3, should be rejected. Defendant has deliberate and repeated contact with New

Jersey, as discussed in the previous paragraph. Even if these contacts do not yield great economic value to the school, they are contacts nonetheless.

2.      **Gorbaty's Claims Relate to and directly Arise From Defendant's Contacts with New Jersey.**

The second prong of the personal jurisdiction analysis is the relatedness of Defendant's contacts with the forum and the claims asserted. An intentional act whose effects occur in the forum gives rise to a relatedness between the contacts and the forum. *Keeton v. Hustler Magazine, Inc.* 465 U.S. 770 (1984). The relatedness cannot emerge from the unilateral act of the plaintiff; put in other words, the plaintiff cannot create the contact with the forum and claim relatedness. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). However, where the contacts with the forum are the direct result of the defendant's actions and the claim arises from that contact, personal jurisdiction exists. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

To that end, as Mr. Gorbaty is domiciled in Westfield. See Exhibit A - Defendant's Brief. Defendant's contact with New Jersey, in the form of its contact with Mr. Gorbaty gave rise to these claims. The purposeful availment of the New Jersey marketplace is the direct cause of the claims raised in the Complaint. Defendant's actions and contacts with the forum are directly related to the harm suffered by Mr. Gorbaty. Since Defendant purposefully availed itself of the forum,

and such availment is directly related to the claims, this Court has specific jurisdiction over Defendant.

3.   **It is Fair to Exercise Personal Jurisdiction Over Defendant in New Jersey.**

The final prong of the test for specific jurisdiction is fairness to the Defendant to have him litigate in the forum. *Burger King*, 471 U.S. at 476. Once contact and relatedness are established, the burden then shifts to the defendant to prove that litigating in the forum would be so unfair as to render it unconstitutional. There are five factors courts routinely weigh in evaluating the fairness to the defendant: 1) the burden on the defendant; 2) the forum State's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several States in furthering fundamental substantive social policies. *Id.* at 477; *World-Wide Volkswagen,* 444 U.S. at 292. Where a defendant who "purposefully has directed [its] activities at forum residents", but nonetheless challenges jurisdiction, it must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477. Courts prefer remedial measures much less severe than dismissal of the action when personal jurisdiction is challenged on the grounds of reasonableness. *Id.*

10

It is not unconstitutionally unduly burdensome for defendant to litigate in New Jersey. Defendant is a large law school with vast resources. Defendant enrolls close to 400 students in each academic class. MITCHELL HAMLINE SCHOOL OF LAW, STUDENT PROFILE, https://mitchellhamline.edu/admission/student-profile/. Defendant charges roughly $22,000 per student per semester. MITCHELL HAMLINE SCHOOL OF LAW, TUITION AND FINANCING, https://mitchellhamline.edu/admission/tuition-and-financing/. With such great resources, the economic cost of litigating in New Jersey is not unconstitutionally burdensome.

Further, buying the defendant's argument assumes that no federal or state government would jurisdiction other than Minnesota state and federal court. How is that fair?

New Jersey has a strong interest in adjudicating this dispute. A forum state's interest in adjudicating a dispute arises from the desire to protect the rights and interests of its citizens. *McGee*, 355 U.S at 223. Mr. Gorbaty is a New Jersey resident, and has been such for many years. New Jersey has a strong interest in protecting Mr. Gorbaty's interests from the undue actions of the Defendant. In the same vein, Mr. Gorbaty has a strong interest in litigating in New Jersey to obtain convenient an effective relief. As a result of his long-term residency in New Jersey, Mr. Gorbaty has a strong network and connections in this state. Not only does his family, who can provide support and comfort in this trying time, live in this state, but Mr.

11

Gorbaty's long-trusted counsel is licensed in this forum. These strong ties to New Jersey provide Mr. Gorbaty with a convenient forum in this state. Moreover, the New Jersey judicial system is as effective a forum for relief as any other state.

The interstate judicial system's interest in obtaining efficient resolution of the controversies alleged in the Complaint dictate that this action be litigated in New Jersey. The availability of witnesses and evidence is a determinant in weighing this fairness factor. *See, e.g., McGee*, 355 U.S. at 223-224. As noted above, Mr. Gorbaty and his family are residents of New Jersey. These individuals would be key witnesses called at trial to testify to the actions taken by Defendant in revoking Mr. Gorbaty's enrollment at Defendant's school. The availability of evidence in New Jersey is great, thus Defendant cannot establish an unconstitutional unfairness to litigating where the evidence can be found.

The final fairness factor, the shared interests of the several States in furthering fundamental substantive social policies, is rarely invoked and is thus weighed lightly by courts. Even if this factor is determined to weigh against finding personal jurisdiction in the forum, states employ their choice-of-law rules, rather than dismiss the action, to find the best way to promote these social policies. *Burger King*, 471 U.S. at 477. Yet, there is no social policy at stake in this litigation that would favor one jurisdiction over another. All states have contract law and fraud protection measures. These laws seek to promote the fair dealing and free

12

enterprise amongst parties. This policy is advanced under New Jersey law. Therefore, there is no reason why it would be unfair to litigate this action in New Jersey. Since Defendant, through its intentional contact with the forum, purposefully availed itself of New Jersey, engaged in actions in the forum that directly relate to the current claims, and since Defendant cannot prove that it would be unconstitutionally unfair to litigate in this state, this Court has personal jurisdiction over Defendant.

## POINT II. PLAINTIFF'S SPECIFIC PERFORMANCE CLAIMS AND CONTRACTUAL CLAIMS MUST SURVIVE PENDING DISCOVERY PURSUANT TO RULE 26

To sufficiently plead a breach of contract claim under New Jersey law, a plaintiff must allege three elements, 1. The existence of a valid contract between the parties; 2. failure of the defendant to perform its obligations under the contract; and 3. a causal relationship between the breach and the plaintiff's alleged damages. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F3rd. 879, 900 (4rd Cir. 2013.)

In the case at bar, the plaintiff alleges that he was denied due process and was unable complete his legal education based upon an arbitrary standard that was only applied to him. Plaintiff alleges that he was singled out, based upon his aggressive approach to the law, and that other applicants had similar incidents that were ignored and/or overlooked.

Plaintiff's claims would carry more meat on the bone if he were allowed to pursue discovery pursuant to Rule 26. To date, the plaintiff has not had opportunity to engage in any discovery to establish the arbitrary manner in which he was dismissed from this law school, while others similarly situated, were not dismissed.

For this reason, the defendant's motion is premature and must be denied.

14

## POINT III.  PLAINTIFF'S CONSUMER FRAUD ACT MUST SURVIVE

To state a claim under the New Jersey Consumer Fraud Act, the plaintiff must prove: [1] unlawful conduct; [2] an ascertainable loss; and [3] a causal relationship between the defendant's conduct and the plaintiff's ascertainable loss. *In't Union of Operating Engineers Local No.: 68 Welfare Fund v. Merck & Co., Inc.,* 192 N.J. 372, 389 (2007).

Bottom line, the plaintiff was defrauded out of his legal education by the defendant's conduct.  Thus, they have violated the aforesaid Act.


By: *s/Christopher Luongo*
CHRISTOPHER LUONGO, ESQ.
Attorney for Plaintiff-Howard Gorbaty

Dated: January 11, 2019

15