**Not for Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD GORBATY, <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL HAMLINE SCHOOL OF LAW, <br><br> Defendant. | Civil Action No. 18-16691 (ES) (CLW) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Mitchell Hamline School of Law's ("Mitchell Hamline") motion to dismiss Plaintiff Howard Gorbaty's ("Plaintiff") Complaint for lack of personal jurisdiction and for failure to state a claim. (D.E. No. 5). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the Court finds that it lacks personal jurisdiction over Mitchell Hamline. Therefore, the Court GRANTS Mitchell Hamline's motion and DISMISSES Plaintiff's Complaint *without prejudice*.

**I.     Background**

Plaintiff avers than he is a resident of Westfield, New Jersey. (D.E. No. 1-1 at CM/ECF pages 3–11 ("Compl.") at 1). Mitchell Hamline is an American-Bar-Association-accredited law school organized under the laws of Minnesota and with a principal place of business in Saint Paul,

---

[1]     Plaintiff and Mitchell Hamline are domiciliaries of different states (*see, e.g.,* D.E. No. 12 at 4; D.E. No. 15 at 1), and the amount in controversy exceeds the requisite $75,000 (D.E. No. 1 at 2).

1

Minnesota. (*Id.*; D.E. No. 5-2 ¶¶ 2–3).

On January 20, 2018, Plaintiff submitted an electronic application for admission to Mitchell Hamline. (D.E. No. 5-3). In his application, Plaintiff reported that he had never been charged with the violation of any law, save for parking infractions. (*Id.* at 5).[2] As part of his application, Plaintiff included a personal statement and his resume. (*See id.* at 6–8). Plaintiff's personal statement states that he had recently moved to the "Southland area" from the Northeastern region, and his resume lists a Paducah, Kentucky address. (*Id.* at 6 & 8).

In August 2018, Plaintiff was accepted into Mitchell Hamline's Hybrid Juris Doctor ("J.D.") program, which permits law students to receive much of their education online. (*See* Compl. ¶ 1; D.E. No. 5-2 ¶ 3). Shortly thereafter, Mitchell Hamline officials become aware that Plaintiff had previously been charged with several crimes and violations—some of which resulted in convictions—that he had failed to disclose on his application. (D.E. No. 5-8). Notably, these charges, citations, and convictions occurred in Kentucky between June 2009 and August 2018. (*See generally* D.E. No. 5-4).[3]

On August 10, 2018, Mitchell Hamline officials confronted Plaintiff with the discrepancy and granted him an opportunity to amend his application. (D.E. No. 5-8). Plaintiff submitted a list containing five omitted criminal charges, but failed to provide necessary police reports. (*Id.*). On August 20, 2018, Mitchell Hamline rescinded Plaintiff's offer of admission, stating that "an acceptance offer would not have been issued to you if your application included this information at the time you applied." (*Id.*; *see also* D.E. No. 5-7 (refund check for tuition paid)).

---

[2] References to page numbers in Docket Entry Numbers 5-3 and 5-4 refer to the CM/ECF pagination generated on the upper-right corner.

[3] These include frightening his neighbor by driving a car into the neighbor's yard, harassing a woman via social media communications, firing two shots at a neighbor with a .38 revolver, and assaulting his girlfriend's juvenile daughter. (*See* D.E. No. 5-4 at 2–3, 5, 7–10, 17 & 31–32).

On October 29, 2018, Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Union County, New Jersey. (Compl.). Plaintiff asserts state-law claims of breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, violation of the New Jersey Consumer Fraud Act, and common law fraud. (*Id.* at 4–7). Plaintiff seeks compensatory and punitive damages, as well as specific performance in the form of readmittance to Mitchell Hamline. (*Id.*). On November 30, 2018, Mitchell Hamline removed the action to this Court (D.E. No. 1), and subsequently filed the instant motion (D.E. No. 5).

## II. Legal Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendant by a preponderance of the evidence. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the Plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (citation and internal quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the

3

inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 & n.9 (3d Cir. 1984).

**III.    Discussion**

A federal court has jurisdiction over a nonresident defendant to the extent authorized by the law of the state in which the court sits, so long as the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Fed. R. Civ. P. 4(e); *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). The New Jersey long-arm rule permits the assertion of in personam jurisdiction as far as it is constitutionally permissible under the Due Process Clause. *See* N.J. Court Rule 4:4–4; *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). In turn, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant, the forum, and the litigation . . . ." *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977). That is, the Due Process Clause requires the plaintiff to show that the nonresident defendant "has purposefully directed its activities toward the residents of the forum state . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Courts may exercise personal jurisdiction under the theories of general or specific jurisdiction. *See Bristol Myers Squibb Co. v. Sup. Ct. of California*, 137 S. Ct. 1773, 1779–1780 (2017). It is undisputed that the Court does not have general jurisdiction over Mitchell Hamline. (*See* D.E. No. 5-1 at 7; D.E. No. 12 at 4). Rather, Plaintiff asserts that the Court can properly exercise specific jurisdiction over Mitchell Hamline. (D.E. No. 12 at 5). Specific jurisdiction arises from "an affiliation between the forum and the underlying controversy," and a district court exercising specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol–Myers Squibb Co.*, 137 S. Ct. at

1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For specific jurisdiction to exist, a district court must find that (i) the defendant "purposefully directed its activities at the forum," (ii) the litigation "arises out of or relates to at least one of those activities," and (iii) the exercise of jurisdiction would "otherwise comport with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007) (cleaned up).

In cases involving an out-of-state defendant who operates a website, courts in this Circuit look to *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) for guidance. *See Toys "R" Us, Inc. v. Step Two, S. A.*, 318 F.3d 446, 452 (3d Cir. 2003). Under the *Zippo* sliding scale test, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. At one end of the spectrum are situations where a defendant clearly conducts business with forum residents through its website—for example, by "enter[ing] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." *Id.* In these situations, personal jurisdiction exists. *Id.* At the other end of the spectrum are situations where a defendant operates a "passive" website that simply contains information accessible by users in foreign jurisdictions. *Id.* In the latter situation, personal jurisdiction does not exist. *Id.* "The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer." *Id.* In these cases, the exercise of personal jurisdiction may be proper where that interactivity and commercial nature show that the defendant "specifically intended interaction with residents of the forum state." *See Toys "R" Us*, 318 F.3d at 452 (citing *Zippo*, 952 F. Supp. at 1124).

Here, Plaintiff argues that this case is analogous to *Zippo* and that the Court should find that specific personal jurisdiction exists because "[o]perating a website that advertises in and

5

solicits business from the forum constitutes an interactive, commercial website, thus creating specific jurisdiction." (D.E. No. 12 at 7). Plaintiff contends that Mitchell Hamline purposefully directed its activity at New Jersey because it "advertises its online law school to residents in New Jersey;" "contracts with prospective students from New Jersey;" and "receives commercial benefit . . . from four residents in New Jersey." (*Id.*). However, Plaintiff fails to support these assertions with any of the requisite affidavits or other competent evidence. Plaintiff's sole record citation is to paragraph eight of the declaration of Ms. Christine Szaj[4] (*see id.*), in which she asserts that "[o]nly four students enrolled in Mitchell Hamline's blended learning programs identify home addresses in New Jersey" (D.E. No. 5-2 ¶ 8). While this evidence may be enough to show that Mitchell Hamline has contracted with four students from New Jersey and arguably receives a commercial benefit from those four students, this evidence alone fails to show that Mitchell Hamline purposefully directed its activity at New Jersey. *See Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008) (finding that the fact that the defendant engaged in business with the plaintiff and one other student within the forum was insufficient to show that the defendant purposefully targeted the forum); *IMO Industries*, 155 F.3d at 254 (declaring that the court could not exercise specific personal jurisdiction over a defendant in part because its conduct was not "expressly aimed at New Jersey").

Missing from this record is any evidence that Mitchell Hamline specifically targeted its website, its advertisement, or its activity at prospective students in New Jersey. In fact, aside from alleging that Mitchell Hamline offers "an on-line component" (D.E. No. 1-1 ¶ 3), the Complaint contains no allegations that would give rise to the inference that Mitchell Hamline specifically targets, or solicits business from, residents of New Jersey. Plaintiff's unsupported bald assertions

---

[4] Ms. Szaj is the Vice President of Community Relations and Operations for Mitchell Hamline. (D.E. No. 5-2 at 1).

6

in his brief are insufficient to meet his burden of proof. *See, e.g.*, *Watiti v. Walden Univ.*, No. 07-4782, 2008 WL 2280932, at *4 n.3 (D.N.J. May 30, 2008); *Wilson v. RIU Hotels & Resorts*, No. 10-7144, 2011 WL 3241386, at *3 (E.D. Pa. July 29, 2011) (quoting *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 558 (E.D. Pa. 1992) ("References in a brief, unsupported by affidavit, are not properly before the Court as 'facts' evidencing contact for jurisdictional purposes.")). Consequently, Plaintiff at best shows that Mitchell Hamline's website "is accessible to a nationwide (indeed, global) audience," but that alone cannot "satisfy the purposeful availment requirement." *See Kloth*, 320 F. App'x at 116; *see also Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 279 (D. Del. 2007) ("Courts within the Third Circuit have traditionally required 'something more' from defendants than the knowledge that their website could be viewed or that their product could be used in a forum state before considering whether specific jurisdiction is proper.").

Moreover, even assuming that Plaintiff had established purposeful availment, Plaintiff has failed to demonstrate that his claims arise out of or are related to any of Mitchell Hamline's purposeful contacts with New Jersey. While Plaintiff alleges that he is domiciled in Westfield, New Jersey, (Compl. at 1), he does not provide any affidavits or evidence to support the allegation, and thus, fails to meet his burden. *See Miller Yacht Sales*, 384 F.3d at 101 n.6 ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."). But even if Plaintiff does indeed now live in New Jersey, the Complaint does not allege, and this record does not show, that he applied to Mitchell Hamline or that any of his alleged injuries occurred while he was living in New Jersey. (*See generally* Compl.; D.E. No. 12); *Daimler*, 571 U.S. at 127 (requiring that the suit arise out of or relate to the defendant's contacts with the forum). To the contrary, the evidence in this record overwhelmingly shows that none of the relevant activity giving rise to Plaintiff's claims have any

connection to New Jersey.

For instance, although Plaintiff's application to Mitchell Hamline listed a Scotch Plains, New Jersey, address as his then-current address (*see* D.E. No. 5-3 at 3), Plaintiff's accompanying personal statement highlighted that he had "recently moved to the Southland area," which Plaintiff asserted would help him improve his study habits. (D.E. No. 5-3 at 6). Similarly, Plaintiff's accompanying resume listed a Paducah, Kentucky address. (*Id.* at 8). Consequently, even if Plaintiff was in New Jersey when he applied, Mitchell Hamline could not reasonably foresee that accepting Plaintiff's application would place it into contact with New Jersey. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("The Due Process Clause, by ensuring the 'orderly administration of the laws,' gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." (citation omitted)); *Kloth*, 320 F. App'x. at 117 (citing the defendant's impression that the plaintiff was domiciled within another jurisdiction as a reason for its affirmation of a lower court's decision to dismiss an action against a university for lack of personal jurisdiction).

Moreover, Mitchell Hamline provides a trove of publicly available records that further show Plaintiff was living in Paducah, Kentucky, before and throughout the relevant period. (*See, e.g.*, D.E. No. 5-4 at 1 & 2 (June 29, 2009 citation and criminal complaint against Plaintiff listing his home address at Paducah, Kentucky); *id.* at 5, 23, 31 & 34 (November 12, 2014; September 27, 2017; February 22, 2018; and July 31, 2018 citations against Plaintiff listing his Paducah, Kentucky address, and checking the "full-time" Kentucky resident box); *id.* at 5 (June 3, 2015 order affirming Kentucky Court's conviction of Plaintiff for harassing a woman who lived across the street from him in Paducah, Kentucky); *id.* at 13 (Kentucky Clerk's August 2, 2018 Certificate certifying that Plaintiff was served at his Paducah, Kentucky address)). In fact, these public

8

records show that on January 16, 2018, four days before Plaintiff filed his application for admission to Mitchell Hamline (*see* D.E. No. 5-3 at 2), Plaintiff was cited for assault in Paducah, Kentucky. (D.E. 5-4 at 26–28 & 32). And in two separate traffic citations dated July 4, and August 2, 2018, Kentucky police officers reported that Plaintiff had been living in Paducah, Kentucky, for "numerous years." (*See* D.E. No. 5-4 at 38; *id.* at 37 (stating that Plaintiff has "lived at the [Paducah] address for several years")).

In response, Plaintiff does not provide any affidavits or other competent evidence, nor does he address any of the evidence presented by Mitchell Hamline showing that he resided in Paducah, Kentucky. (*See* D.E. No. 12 at 9 (arguing in conclusory fashion that he meets the relatedness element because he is domiciled is Westfield, New Jersey)). Consequently, Plaintiff has failed to show that his claims arise out of or are related to any of Mitchell Hamline's contacts with New Jersey.[5]

In short, Plaintiff has failed to present any of the allegations, affidavits, or competent evidence necessary to make a prima facie showing that this Court may exercise specific personal jurisdiction over Mitchell Hamline in this case. Therefore, the Court must find that it lacks personal jurisdiction over Mitchell Hamline.

## IV. Conclusion

For the foregoing reasons, Mitchell Hamline's motion to dismiss is GRANTED, and Plaintiff's Complaint is dismissed *without prejudice*. Given the Court's ruling, the Court need not address the parties' alternative arguments. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] To the extent Plaintiff argues that the Court may exercise specific jurisdiction over Mitchell Hamline because it has enrolled four New Jersey residents in its "blended learning programs," the Court rejects that argument as meritless. Even if that activity constitutes purposeful availment, it has no connection to the instant case. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (noting that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction").

9